**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**IPMC, INC., Defendant.**

**No. 92–CV–75183–DT.**

United States District Court, E.D. Michigan, Southern Division.

March 21, 1994.

164

Beverly Hall Burns, George D. Mesritz, Miller, Canfield, Paddock and Stone, Detroit, MI, for plaintiff.

Bart M. Feinbaum, E.E.O.C., Detroit, MI, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

ZATKOFF, District Judge.

This matter is before the Court on plaintiff's motion for reconsideration of this Court's decision to grant defendant's motion for summary judgment on both counts of plaintiff's complaint. For the reasons which follow, this Court will grant plaintiff's motion for reconsideration.

■ In this Court's previous opinion, this Court relied, in part, on the Supreme Court's opinion in *St. Mary's Honor Center v. Hicks*, — U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). This Court construed the Supreme Court's decision in *Hicks* as requiring a plaintiff, in the context of a claim brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, to establish that there was a genuine issue of material fact with respect to whether the proffered non-discriminatory reasons for not hiring the applicant were false. Plaintiff has convinced this Court that this reading of *Hicks* is too broad.

*Hicks*, in the context of an age discrimination claim, stands for the proposition that once a defendant articulates its justification for an employment action, the trier of fact then must proceed to the ultimate question of whether plaintiff has proven that the defendant has intentionally discriminated against him because of his age. As the Supreme Court stated in *Hicks*, the "rejection of the defendant's proffered reasons, will *permit* the trier of fact to infer the ultimate fact of intentional discrimination ..." *Id.* at ——, 113 S.Ct. at 2749. The *Hicks* Court reversed the court of appeals, because the court of appeals had adopted a mandatory inference approach; that is, the court of appeals had held that once the proffered reason was rejected as being false, the plaintiff was entitled to judgment as a matter of law, and thus not requiring the trier of fact to determine whether plaintiff had suffered intentional discrimination.

Therefore, it is a question for the trier of fact whether defendant intentionally discriminated against Kelly when it did not hire Kelly in March 1991. As a consequence, plaintiff's motion for reconsideration must be granted as to count I.

■ With respect to count II, which alleges that defendant violated the ADEA when it failed to hire Kelly for subsequent openings, this Court granted defendant's motion for summary judgment on the grounds that "nothing in the EEOC's argument persuades this Court that the requirement that Kelly apply for the position be eliminated from the prima facie case." Opinion at 14. However, in a recent decision from the Sixth Circuit, *Gafford v. General Elec. Co.*, 997 F.2d 150

(6th Cir.1993), the Sixth Circuit cited with approval *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214 (8th Cir.1990), wherein the Eight Circuit held that the application requirement of the prima facie case does not require a formal application where a job opening is not posted and either (1) the plaintiff had no knowledge of the job from other sources until it was filled or (2) the employer was aware of the plaintiff's interest in the job notwithstanding the plaintiff's failure to formally apply. *Gafford*, 997 F.2d at 169 (citing *Chambers*, 909 F.2d at 1217).

Based on the *Gafford* decision, this Court's decision granting defendant's motion for summary judgment on count II, based on the fact that Kelly did not formally apply, must be vacated. The EEOC has produced evidence from which a trier of fact could determine that no formal application was needed in this case. Therefore, the issue of whether defendant intentionally discriminated action Kelly in violation of the ADEA when it did not hire Kelly for a subsequent opening, must be decided by the trier of fact.

In light of the aforementioned analysis, plaintiff's motion for reconsideration is granted. The Final Pretrial Conference in this matter will be held on April 11, 1994, at 2:00 p.m. The matter will be placed on this Court's May 1994 trailing docket.

IT IS SO ORDERED.